```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,**         ) | |
|     ) | |
|     **Plaintiff,**       ) | |
|     ) | |
| v.       ) | Cr. No. 05-20202-Ml |
|     ) | |
| **ROSCOE DIXON,**       ) | |
|     ) | |
|     **Defendant.**       ) | |
|     ) | |

_____

**ORDER DENYING MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION
AND ORDER DENYING MOTION TO CONTINUE**

_____

Before the Court is Defendant's Motion to Dismiss Based on Selective Prosecution, filed May 12, 2006.  The Government filed a response in opposition on May 16, 2006.  On May 17, 2006, Defendant filed a Memorandum of Authorities in Support of Defendant's Motion to Dismiss Based on Selective Prosecution.

Defendant moves the Court: (1) to dismiss the indictment on the basis of selective prosecution; (2) for a hearing to show that there is a colorable basis for his claim of selective prosecution; (3) for a court order to compel the Government to provide additional discovery relevant to his claim of selective prosecution; and (4) for a continuance of the trial until after October 31, 2006.  For the reasons set forth below, Defendant's motion is DENIED in its entirety.

**I.   Standard for Selective Prosecution Claims**

The United States Government has "broad discretion" to enforce federal laws.  Wayte v. United States, 470 U.S. 598, 607 (1985).  This discretion is "subject to constitutional constraints," such as the Due Process Clause of the Fifth Amendment, which requires that "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'"  United States v. Armstrong, 517 U.S. 456, 464 (1996)(quoting United States v. Batchelder, 442 U.S. 114, 125 (1979) and Oyler v. Boles, 368 U.S. 448, 456 (1962)).  "A defendant, in order to obtain a hearing on the issue of selective prosecution, must establish, at least prima facie, that he was singled out for prosecution on the basis of an impermissible consideration such as race, religion, or exercise of constitutional rights."  United States v. Schmucker, 815 F.2d 413, 418 (6th Cir. 1987).

The Supreme Court has emphasized that the standard for proving a claim of selective prosecution "is a demanding one." Armstrong, 517 U.S. at 463.  The claimant must demonstrate that the federal prosecutorial policy had a "discriminatory effect" and that it was motivated by a "discriminatory purpose."  Id. at 465; see also United States v. Jones, 159 F.3d 969, 976 (6th Cir. 1998).  In a race-based selective prosecution claim, the defendant must "show that similarly situated individuals of a

different race were not prosecuted," Armstrong, 517 U.S. at 465, and that the prosecutorial policy was motivated by racial animus, Jones, 159 F.3d at 977 (citing Armstrong, 517 U.S. at 465).

Because a claim of selective prosecution "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution[,]" discovery is not available under Federal Rule of Criminal Procedure 16 to support a claim of selective prosecution.  517 U.S. at 463.  Instead, a defendant must make a threshold showing that he is entitled to such discovery from the government.  Id.  In particular, he must come forward with "some evidence tending to show the existence of the essential elements of the defense"––discriminatory effect and discriminatory intent.  Id. (quotation omitted).  The defendant's showing must include "some evidence that similarly situated defendants of other races could have been prosecuted, but were not[.]"  Id. at 469.  In other words, to be entitled to discovery on a claim of race-based selective prosecution, the defendant must demonstrate that "the Government declined to prosecute similarly situated suspects of other races."  Id. at 458.

In Armstrong, the defendants were indicted for crack cocaine and firearms offenses in federal court following a three-month investigation by federal and state agents who had infiltrated a suspected narcotics distribution ring through the use of three

-3-

confidential informants.  Prior to trial, the defendants filed a motion for discovery or dismissal of the indictment, alleging that they were selected for federal prosecution because they were black.  In support of their motion, the defendants presented an affidavit by a paralegal employed by the federal public defender office alleging that, in all of the federal crack cocaine cases the office had handled that year, the defendants were black.  517 U.S. at 459.  The Supreme Court held that this information did not constitute "some evidence tending to show the existence" of a discriminatory effect because it did not "identify individuals who were not black and [who] could have been prosecuted for the offenses for which respondents were charged, but were not so prosecuted."  Id. at 470.  Thus, the Court concluded, the defendants were not entitled to discovery on their selective prosecution claim.

Similarly, in United States v. Schmucker, 815 F.2d 413 (6th Cir. 1987), the Sixth Circuit held that the defendant—a religious objector who was prosecuted for refusing to register for mandatory military service—had failed to produce some evidence tending to show that the government's prosecution policy had a discriminatory effect on religious opponents of registration because he had merely alleged that religious objectors "constituted a 'large percentage' of the defendants indicted" and "failed to point to any evidence that the

government did not prosecute reported nonregistrants who were not known to be religious objectors."  815 F.2d at 418-19 (holding that defendant was not entitled to discovery or evidentiary hearing on selective prosecution claim).  In <u>United States v. Peete</u>, 919 F.2d 1168, 1176 (6th Cir. 1990), the court denied the defendant's request for discovery to support his claim of selective prosecution on the ground that "aside from his own self-serving affidavit and an affidavit from his counsel, [Peete] did not point to any evidence that others similarly situated were not prosecuted."

**II. Analysis**

In this case, as in <u>Armstrong</u>, <u>Schmucker</u>, and <u>Peete</u>, Defendant has failed to show the existence of any individuals who are not African-American, and who could have been prosecuted for the offenses for which Defendant was charged, but were not.  In support of his motion, Defendant asserts that eight of the ten individuals indicted in the Government's "Tennessee Waltz operation" are black; that all three of the state's black senators have been indicted as a result of the operation; and that "[a]t least 2 black law makers [sic] were questioned and may still face charges in the sting operation."[1]  (Mem. Supp. Def.'s Mot. Dismiss Based on Selective Prosecution 2-3.)

---

[1] Defendant also notes that seventeen of Tennessee's 132 state legislators are black.

-5-

These assertions do not establish or even lend support to the conclusion that non-African-American individuals engaged in the same conduct charged in the Indictment in this case and that the Government elected not to prosecute them. Defendant's assertions merely suggest that more African-Americans than non-African-Americans were indicted as a result of the Government's sting operation. This showing is insufficient to warrant additional discovery under Armstrong. It is not enough for Defendant to simply point out that the majority or even all of the individuals prosecuted for a particular offense are of the same race. To obtain additional discovery, the claimant must "identify individuals who were not black, could have been prosecuted for the offense for which [Defendant was] charged, but were not so prosecuted." Armstrong, 517 U.S. at 569. Because Defendant has failed to make this threshold showing, he is not entitled to a hearing or discovery on his selective prosecution claim.

Even if Defendant had demonstrated "a credible showing of different treatment of similarly situated persons," id. at 470, he would not be entitled to additional discovery because he has failed to put forward any evidence tending to show the existence of discriminatory intent—in this case, "that the prosecutorial policy was motivated by racial animus." See Jones, 159 F.3d at 977. "To establish the discriminatory intent element in support

of a request for discovery on a selective prosecution claim, a defendant must produce some evidence 'that the decisionmakers in his case acted with discriminatory purpose.'" United States v. Holloway, 29 F. Supp. 2d 435, 441 (S.D. Ohio 1998)(citing McCleskey v. Kemp, 481 U.S. 279, 292 (1987) and Armstrong, 517 U.S. at 468)).

In an attempt to demonstrate discriminatory intent, Defendant points to the transcript of a tape recording, dated January 20, 2004, of a conversation purportedly between Tim Willis, a government informant, and Barry Myers, Defendant's former co-defendant.  During the conversation, Myers says: "I would definitely say don't give no Republicans no money"; "don't spend no money on no white boys hands like that"; "I mean, them white boys, ain't going with it"; "Far I as [sic] I'm sayin' pass money, I wouldn't do it with the white boys"; and "It's just the niggas that you want to be payin'."  (Mot. Dismiss Based on Selective Prosecution, App. C.)  Defendant asserts that this colloquy implies that only black legislators were targeted for the Government's undercover sting operation.  In response, the Government points out that "all racial discussion [in the conversation] is initiated not by the government informant, but by the co-defendant and agent for the defendant Dixon."  In addition, the Government denies that it acted on Myers' suggestion to only approach African-American legislators in

-7-

carrying out its sting operation.

The Court agrees with the Government that Myers' statements to the government informant do not constitute "evidence" tending to show that the Government's sting operation was motivated by discriminatory animus. The Court further finds that none of Defendant's other vague and conclusory assertions lends credible support to his theory. Defendant states that "undercover government agents [] specifically targeted the 'black caucus retreat' to solicit, encourage, and induce black politicians to participate in the E-Cycle sting operation" and makes reference to "the patently transparent attempt by the government to conceal its ulterior motive of targeting black politician[s], by [also prosecuting] one token white republican and one token white democrat." These statements merely reflect Defendant's beliefs and do not constitute "evidence" sufficient to satisfy the "rigorous standard for discovery" in support of a claim of selective prosecution.[2]  See Armstrong, 517 U.S. at 468.

For all of the reasons set forth above, the Court DENIES Defendant's motion for a hearing and discovery on his claim of selective prosecution and accordingly DENIES Defendant's motion

---

[2] Defendant's other two assertions--"[a]ll of the government officials indicted in connection with the E-Cycle sting, in the Western District of Tennessee, were black" and "apparent widespread public perception that black politicians' alleged involvement in the E-Cycle sting was more pervasive and egregious than that of white politicians"--are not relevant to the discriminatory intent inquiry.

to dismiss the indictment.[3]

## III. Motion to Continue

At the conclusion of his motion, Defendant requests a continuation of the trial in this matter, currently scheduled to start on May 30, 2006. Specifically, Defendant "re-submits his request that the trial in this cause be continued until after October 31, 2006, in order to adequately prepare for trial." Defendant does not elaborate on this request nor point to any specific facts would tend to show why he needs more time to prepare. The Government opposes the motion, noting that it "contains absolutely no fact or recitation of law which would justify a continuance in this case, as absolutely no change in circumstance has been shown from the last report date." The Court agrees. Defendant has failed to specify any reason why a continuance is necessary at this late stage. Accordingly, Defendant's request for a continuance is DENIED.

## IV. Conclusion

As set forth above, Defendant's motions to dismiss the indictment, for a hearing and additional discovery on his claim

---

[3] In light of Defendant's suggestion that his trial strategy will include, in part, the defense of selective prosecution, the Court notes that "the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is . . . a matter for the court, not the jury." United States v. Aboud, 438 F.3d 554, 579-80 (6th Cir. 2006)(affirming district court's grant of government's motion in limine to prevent defendants from presenting evidence of selective prosecution at trial).

of selective prosecution, and for a continuance are DENIED.

SO ORDERED this 18th day of May, 2006.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE